UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-62334-CV-DIMITROULEAS

GUSTAVO CONTRERAS DAVILA,

Petitioner,

v.

MARCOS CHARLES, Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) Acting Executive Associate Director; *et al.*

Respondents.
_______________________________/

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court on Petitioner Gustavo Contreras Davila ("Petitioner")'s Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [DE 1], filed August 24, 2026. The Court has carefully considered the Petition [DE 1] and is otherwise fully advised in the premises.

This case does not involve the heavily litigated issue of whether Petitioner is subject to mandatory detention under § 1225 as an application for admission. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026). Petitioner's continued detention is governed by 8 U.S.C. § 1226(a) and Petitioner is therefore entitled to an individualized bond hearing before an immigration judge. And Petitioner has received at least one individualized bond hearing. [DE 1 at pp. 7-8]. The immigration judge denied Petitioner bond. *Id.*

In the Petition, Petitioner challenges the legality and constitutional adequacy of continued detention following the immigration judge's denial of bond. Respondents' continued detention of Petitioner under 1226(a) after the immigration judge denied his bond is consistent with the INA

and the Constitution. The Court declines to comment on Petitioner's challenge to the outcome of the bond hearing(s), which is not properly before the Court, and which lies in the sound discretion of the immigration judge. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). Moreover, Petitioner had the right to appeal the immigration judge's decision to the Board of Immigration Appeals, but he failed to do so. *See* 8 C.F.R. § 1003.19(f); § 1003.38.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for a Writ of Habeas Corpus **[DE 1]** is **DISMISSED**.
2. The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 25th day of August, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:

Counsel of record